

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Mr. Butler:                    Opinion No. O-7294

Re: Whether under the current appro-
priation bill official remuneration
and expenses incident to examination
of out-of-state insurance companies
may be paid monthly as they accrue
from the Insurance Examination Fund,
under Article 4690a of the statutes.

Your letter requesting an opinion by this department
upon the above subject-matter is as follows:

"Examination of an out-of-state insurance company
usually requires several months. The examiner's remun-
eration and expenses are paid monthly. Itemized cost
statements are submitted to the companies at the end of
each month and remittances are received during the early
part of the following month. It involves some inconven-
ience to the Department and delay to the examiners to
first actually collect such funds from the company be-
fore paying the examiners. See Vernon's Article 4690a
and the current appropriation bill (49th Leg., Ch. 378,
p. 874.).

"Please advise me whether under the current appropria-
tion bill an examiner's remuneration and expenses upon
the retaliatory basis of Article 4690a incurred in exam-
ination of an out-of-state insurance company may be paid
monthly as they accrue from the Insurance Examination
Fund, when verified by the examiner's affidavit and ap-
proved by the Chairman of this Board, irrespective of
whether the insurance company under examination has at
that time paid the accrued costs to the Examination Fund.

"The Insurance Examination Fund in the State Treasury
constantly contains unused balances of remittances from
out-of-state insurers for the cost of examination by this
Department, consisting of 'the other expenses of the De-
partment of Insurance properly allocable to the examina-
tion,' and represents the proportionate part of the cost
of the general overhead expense of this Department allo-
cated to the various out-of-state companies examined.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"From time to time it becomes necessary for the
Commissioner or his examiners to go into another
state for conferences and investigations which are
not complete formal examinations of any one company
but relate to examination of matters of a general
nature affecting several or all companies in the
state alike. In such cases it is impracticable if
not impossible to fairly apportion and assess the
remuneration and expense against the companies in
that state who are or may be affected.

"Please advise me whether the Commissioner's ex-
penses and the examiner's remuneration and expenses
in such cases may be paid from the Insurance Examin-
ation Fund on the retaliatory basis provided in Arti-
cle 4690a when verified by the examiner's affidavit
and approved by the Chairman of the Board, irrespec-
tive of whether the companies who are or may be af-
fected are assessed for such remuneration and expense."

You accompany this request with a very full discussion
of the various statutes, appropriations, and departmental opin-
ions relevant thereto, for which we thank you.

Article 4690a (Rev. Civ. Stat., Vernon's codification)
is as follows:

"The expenses of all examinations of domestic
insurance companies made on behalf of the State of
Texas by the Chairman of the Board of Insurance
Commissioners or under his authority shall be paid
by the corporations examined in such amount as the
Chairman of the Board of Insurance Commissioners
shall certify to be just and reasonable.

"Assessments for the expenses of such domestic
examination, which shall be sufficient to meet all
the expenses and disbursements necessary to comply
with the provisions of the laws of Texas relating
to the examination of insurance companies and to
comply with the provisions of this Act, shall be
made by the Chairman of the Board of Insurance Com-
missioners upon the corporations or associations to
be examined taking into consideration annual prem-
ium receipts, and/or admitted assets and/or insur-
ance in force; provided such assessments shall be
made and collected only at the time such examina-
tions are made.

"All sums collected by the Chairman of the Board of Insurance Commissioners, or under his authority, on account of the cost of examinations assessed as hereinabove provided for shall be paid into the State Treasury to the credit of the Insurance Examination Fund; and the salaries and expenses of the actuary of the Board of Insurance Commissioners and of the examiners and assistants, and all other expenses of such examinations, shall be paid upon the certificate of the Chairman of the Board of Insurance Commissioners by warrant of the Comptroller drawn upon such fund in the State Treasury.

"If at any time it shall appear that additional pro-rata assessments are necessary to cover all of the expenses and disbursements required by law and necessary to comply with this Act, the same shall be made, and any surplus arising from any and all such assessments, over and above such expenses and disbursements, shall be applied in reduction of subsequent assessments in the proportion assessed so that there shall be so assessed and collected the funds necessary to meet such expenses and disbursements and no more.

"In case of an examination of a company not organized under the laws of Texas, whether such examination is made by the Texas authorities alone, or jointly with the insurance supervisory authorities of another state or states, the expenses of such examination due to Texas' participation therein, shall be borne by the company under examination. Payment of such cost shall be made by the company upon presentation of itemized written statement by the Chairman, and shall consist of the examiners' remuneration and expenses, and the other expenses of the Department of Insurance properly allocable to the examination. Payment shall be made directly to the Chairman, and all money collected by assessment on foreign companies for the cost of examination shall be deposited in the State Treasury by the Chairman to the credit of the Insurance Examination Fund out of which shall be paid, by warrant of the State Comptroller of Public Accounts on voucher of the Chairman of the Board of Insurance Commissioners, the examiners' remuneration and expenses in the amounts determined by the method hereinafter provided, when verified by their affidavit and approved by the Chairman; and said money is hereby appropriated for that

purpose, the balance, if any, to remain in the Insurance Examination Fund in the State Treasury subject to be expended for the purposes as are other funds placed therein. Examiners' remuneration and expenses shall be the same as that which would be paid by the home state of a company under examination to persons conducting the examination of a Texas company admitted to do business in that State. If there be no recognized charge for such service, the Chairman shall fix the remuneration and expense allowance of the examiners at such reasonable figure as he may determine."

The current appropriation involved is as follows:

"For the purpose of paying the foregoing examination expense and such additional or supplemental expense as is necessary incident to examination of insurance companies domiciled outside of Texas, and for defraying all other expenses necessary for the administration of the provisions of Chapter 152 of the General Laws of the Regular Session of the Forty-second Legislature and Chapter 264 of the General Laws of the Regular Session of the Forty-Fourth Legislature, and any and all amendments thereto, and as amended by Senate Bill 307, Acts of the Regular Session of the Forty-Sixth Legislature, 1939, there is hereby appropriated all fees and assessments collected under authority of said Examining Law, such portion of the fees collected under Article 3920, Acts 1939, Forty-Sixth Legislature, S. B. 404, as may be transferred by the Life Insurance Commissioner, together with any balances at the end of a preceding fiscal year for each of the fiscal years ending August 31, 1946, and August 31, 1947."

In the course of your comments you say:

"* * *. The Comptroller has called our attention to opinion O-4289 above referred to and has advised me that collection from the out-of-state companies must precede payment to the examiner.

"Article 4690a, as amended by Senate Bill 307 of the 46th Legislature, provides in part: '. . . and all money collected by assessment on foreign companies for the cost of examination shall be de-

377

posited in the State Treasury by the Chairman to the credit of the Insurance Examination Fund out of which shall be paid, by warrant of the State Comptroller of Public Accounts on voucher of the Chairman of the Board of Insurance Commissioners, the examiners' remuneration and expenses in the amounts determined by the method hereinafter provided, when verified by their affidavit and approved by the Chairman; and said money is hereby appropriated for that purpose, the balance, if any, to remain in the Insurance Examination Fund in the State Treasury subject to be expended for the purposes as are other funds placed therein.' The examiner is to be paid out of the Fund as distinguished from out of the actual money paid into the Fund by the insurance company. All monies in the Fund are appropriated specifically for that purpose. It is the Chairman's duty to collect the costs from the insurance company. When he signs the examiner's voucher and approves the affidavit, he signifies that collection of the amounts shown on the affidavit has either been made from the insurance company, or that the Commissioner in the discharge of his duties will collect it.

"It is submitted that so long as there are sufficient monies in the Examination Fund to pay the examiner's voucher it is the duty of the Chairman alone to see that the cost is collected from the examined company, and that it is not the duty of the Comptroller, and correspondingly not his prerogative, to go behind the Chairman's approval of the examiner's voucher and affidavit."

We are in accord with your conclusions thus expressed, from which it follows that your questions should be answered in the affirmative. It is the Insurance Examination Fund that is appropriated for payment of the expenses involved, and not the component parts of that fund, to be derived from the particular examination or examinations, on account of which a claim is presented.

Our Opinion No. 0-4289 should not receive the construction you attribute to the Comptroller.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

ASSISTANT

OS-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN